**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAMIRO MARIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14 cv 08872 |
| ) | |
| GREEN TREE SERVICING LLC ) | |
| ) | |
| Defendant. ) | |

### **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Green Tree Servicing LLC ("Defendant"), by counsel, Pilgrim Christakis LLP, and amends its answers to paragraphs 4, 5, and 18 of Plaintiff's Complaint as follows:

### **NATURE OF THE ACTION**

1. Plaintiff brings this action as a consumer to secure redress for the unlawful collection practices engaged in by Defendant. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), and the Bankruptcy Discharge Injunction, 15 U.S.C. §524.

**ANSWER:** Defendant admits that Plaintiff brings this claim under the FDCPA, ICFA and Discharge Injunction. Defendant denies any liability under the claims Plaintiff asserts.

### **JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 15 U.S.C. §524 (Bankruptcy Discharge Injunction), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:** Defendant admits that this Court has jurisdiction over this action.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's

unlawful collection efforts impacted Plaintiff within the Northern District of Illinois.

**ANSWER:** Defendant does not contest that venue is proper.

## PARTIES

4. Plaintiff is [a] natural person residing at 3500 S. Sangamon Street, Unit 104, Chicago, Illinois 60609.

**ANSWER:** Defendant admits Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief about where Plaintiff resides.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. At all times relevant to the action, Defendant was a limited liability company with its principal place of business located at 345 St. Peter Street, St. Paul, Minnesota 55102. Defendant transacts business in Illinois.

**ANSWER:** Defendant admits the allegations of this paragraph.

7. Defendant is a loan servicing company that is in the business of servicing mortgage loans which are in default. According to Defendant's website, "Green Tree is a full-service solutions provider that specializes in turning at-risk consumer loans into performing assets." See www.greentreecreditsolutions.com (last visited August 12, 2014).

**ANSWER:** Defendant denies that it exclusively services mortgage loans that are in default. Defendant admits the remaining allegations of this paragraph.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant denies the allegations of this paragraph.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

**ANSWER:** Defendant denies the allegations of this paragraph.

## FACTS SUPPORTING CAUSES OF ACTION

10. On or about April 1, 2009, Plaintiff obtained a residential mortgage loan secured by real property located at 3500 S. Sangamon Street, Unit 104, Chicago, Illinois 60609 from EverBank ("subject debt").

**ANSWER:** Defendant admits the allegations of this paragraph.

11. In July 2012, Plaintiff defaulted on the subject debt.

**ANSWER:** Defendant admits that the subject debt is currently due for July 2012.

12. On August 17, 2012, the subject debt was assigned from EverBank to Bank of America, N.A. ("Bank of America"). See attached Exhibit A is a true and correct copy of the mortgage assignment.

**ANSWER:** Defendant admits that an assignment of mortgage executed on August 17, 2012 by Mortgage Electronic Registration Systems, Inc., as assignee of EverBank, purports to assign the mortgage to Bank of America, N.A.

13. Upon information and belief, Bank of America became the holder and servicer of the subject debt. See Exhibit A.

**ANSWER:** Defendant admits that at some relevant times, Bank of America was the holder and servicer of the note and mortgage.

14. On September 27, 2012, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-38439.

**ANSWER:** Defendant admits the allegations of this paragraph.

15. Plaintiff listed Bank of America as a secured creditor on his bankruptcy Schedule D. See attached Exhibit B is a true and correct copy of Schedule D filed with Plaintiffs Bankruptcy Petition.

**ANSWER:** Defendant admits the allegations of this paragraph.

16. By virtue of the Plaintiff listing Bank of America as a creditor, the Bankruptcy Noticing Center ("BNC") served Bank of America a notice of the bankruptcy filing. *See* attached Exhibit C is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Bank of America.

**ANSWER:** Defendant admits that the certificate of notice attached as Exhibit C purports to serve electronic notice of the bankruptcy filing upon Bank of America, N.A.

    17.    Plaintiffs meeting of creditors was held on November 27, 2012.

**ANSWER:** Defendant admits that the bankruptcy docket states the meeting of creditors was held on November 27, 2012.

    18.    A representative of Bank of America did not attend the meeting of creditors.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

    19.    On December 14, 2012, the Plaintiff filed a Modified Chapter 13 ("Modified Plan") which expressly stated:

> "1. Debtor is surrendering the real property located at 3500 South Sangamon, Unit 104, Chicago, Illinois to Bank of America, N.A., in full satisfaction of its claims." *See* attached Exhibit D is a true and correct copy of the Plaintiffs Modified Plan.

**ANSWER:** Defendant admits the allegations of this paragraph.

    20.    On December 19, 2012, the BNC served Bank of America with the Modified Plan. *See* attached Exhibit E is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Modified Plan upon Bank of America.

**ANSWER:** Defendant admits that the certificate of notice for the amended plan purports to serve notice by U.S. mail of the bankruptcy filing upon Bank of America, N.A.

    21.    On January 28, 2013, Plaintiffs Modified Plan was confirmed by the Honorable Judge Cox, binding Plaintiff and his creditors to the terms of the Modified Plan. See attached Exhibit F is a true and correct copy of the Order confirming the Plaintiffs Modified Plan.

**ANSWER:** Defendant admits the allegations of this paragraph.

    22.    On July 16, 2013, Plaintiff was granted a discharge of all dischargeable debts, including the subject debt, pursuant to 11 U.S.C. §1328 of the Bankruptcy Code.

**ANSWER:** Defendant admits the allegations of this paragraph.

23. On July 18, 2013, the BNC served Bank of America with a copy of the Discharge Order entered in Plaintiffs bankruptcy case. *See* attached Exhibit G is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Bank of America.

**ANSWER:** Defendant admits that the certificate of notice for the Discharge Order

purports to serve electronic notice of the bankruptcy filing upon Bank of America, N.A.

24. Upon information and belief, Defendant acquired the servicing rights to the subject debt shortly after Plaintiff's bankruptcy discharge.

**ANSWER:** Defendant admits that it acquired the servicing rights after Plaintiff's

bankruptcy discharge.

25. Defendant acquired the servicing rights to the subject debt after the Plaintiff was in default on the subject debt.

**ANSWER:** Defendant admits the allegations of this paragraph.

26. Defendant had knowledge of the discharged status of the subject debt at the time it acquired the servicing rights to the subject debt from Bank of America.

**ANSWER:** Defendant denies the allegations of this paragraph.

27. After it acquired the servicing rights to the subject debt, and with actual knowledge of Plaintiffs Chapter 13 bankruptcy and subsequent discharge, Defendant sent multiple demands for payment on the discharged subject debt.

**ANSWER:** Defendant admits it sent monthly statements to the Plaintiff after the

discharge order. Defendant denies it had actual knowledge of the Plaintiff's discharge.

28. Specifically, on July 16, 2014 and monthly thereafter, Defendant sent Plaintiff demands for payment in the form of monthly billing statements ("Defendant's statements") attempting to collect on the discharged subject debt. See attached Group Exhibit H are true and correct copies of Defendant's statements.

**ANSWER:** Defendant admits that attached as Group Exhibit H are monthly billing

statements. Defendant denies the remaining allegations of this paragraph.

29. Defendant's statements expressly stated:

"This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purposed.

**ANSWER:** Defendant admits the allegations of this paragraph.

30. Defendant's statements asserted that a monetary amount is due.

**ANSWER:** Defendant admits the allegations of this paragraph.

31. Defendant's statements included detachable payment coupons with the instructions:

"Please make checks payable to Green Tree.....Detach and return this portion with remittance..." *Id*.

**ANSWER:** Defendant admits the allegations of this paragraph.

32. Defendant's statements also threatened a late fee if payment is not made. *Id*.

**ANSWER:** Defendant admits that the billing statements state that a late fee will be

charged for a late payment but denies the remaining allegations of this paragraph.

33. Defendant's statements contained delinquency notices which stated that Plaintiff was late on his mortgage payments. *Id*.

**ANSWER:** Defendant admits the allegations of this paragraph.

34. Furthermore, Defendant's statements stated:

"We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id*.

**ANSWER:** Defendant admits the allegations of this paragraph.

35. Defendant's statements were highly confusing to Plaintiff as he believed his obligation to Defendant was extinguished through his bankruptcy discharge, yet Defendant was seeking payment.

**ANSWER:** Defendant denies the allegations of this paragraph.

36. Concerned and confused by Defendant's statements, Plaintiff sought the assistance of counsel.

**ANSWER:** Defendant denies the allegations of this paragraph.

37. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive collection actions.

**ANSWER:** Defendant denies the allegations of this paragraph.

38. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

**ANSWER:** Defendant denies the allegations of this paragraph.

39. Plaintiff has suffered from emotional distress by Defendant's unlawful attempts to collect the discharged subject debt as he was led to believe his bankruptcy had no legal effect.

**ANSWER:** Defendant denies the allegations of this paragraph.

### COUNT I-- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to paragraphs 1 through 39 as though fully set forth herein.

41. Defendant violated 15 U.S.C. §§ 1692e(2), e(8), e(10), f, and f(1) through its debt collection efforts.

**ANSWER:** Defendant denies the allegations of this paragraph.

42. Defendant violated 15 U.S.C. §1692e (2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was discharged in Plaintiffs Chapter 13 bankruptcy.

**ANSWER:** Defendant denies the allegations of this paragraph.

43. Defendant violated 15 U.S.C. §1692e(8) when it threatened false credit

7

information by threatening to report non-payment of the discharged debt to the credit bureaus. The threat was false as Plaintiff no longer had an obligation to make payment on the subject debt and thus Defendant could not report non-payment to the credit bureaus.

**ANSWER:** Defendant denies the allegations of this paragraph.

44. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of Plaintiffs bankruptcy discharge.

**ANSWER:** Defendant denies the allegations of this paragraph.

45. Defendant violated 15 U.S.C. § 1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiffs obligation to Defendant was discharged in bankruptcy, and thus he did not have a duty or obligation to make the payment demanded.

**ANSWER:** Defendant denies the allegations of this paragraph.

46. Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiffs obligation to pay the subject debt was extinguished by his bankruptcy discharge, thus he had no legal or contractual obligation to make payments on the subject debt.

**ANSWER:** Defendant denies the allegations of this paragraph.

47. It was inherently unfair and deceptive for Defendant to attempt to collect the discharged subject debt from Plaintiff.

**ANSWER:** Defendant denies the allegations of this paragraph.

48. It is also inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that he does not owe by threatening to report his non-payment to the credit bureaus.

**ANSWER:** Defendant denies the allegations of this paragraph.

49. Given that the underlying subject debt was duly scheduled in Plaintiffs bankruptcy and subsequently discharged, Defendant had no legal right to attempt to collect the subject debt from the Plaintiff.

**ANSWER:** Defendant denies the allegations of this paragraph.

50. All of Defendant's collection efforts occurred with actual knowledge of Plaintiffs bankruptcy filing and discharge.

**ANSWER:** Defendant denies the allegations of this paragraph.

51. Defendant, as a sophisticated creditor, should have systems and procedures in place to identify accounts discharged in bankruptcy.

**ANSWER:** Defendant admits it has systems and procedures in place to identify accounts discharged in bankruptcy.

52. Defendant's unlawful collection efforts demonstrate its willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

**ANSWER:** Defendant denies the allegations of this paragraph.

53. As pled in paragraphs 35 to 39, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER:** Defendant denies the allegations of this paragraph.

### COUNT II --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

54. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to paragraphs 1 through 53 as though fully set forth herein.

55. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

**ANSWER:** Defendant denies the allegations of this paragraph.

56. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact ... in the

conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**ANSWER:** Defendant admits that this paragraph is descriptive of portions of the ICFA. However, Defendant denies that it engaged in any unlawful conduct and denies Plaintiff is entitled to any relief.

57. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

**ANSWER:** Defendant denies the allegations of this paragraph.

58. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

**ANSWER:** Defendant admits the allegations of this paragraph.

59. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiffs bankruptcy and subsequently discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

**ANSWER:** Defendant denies the allegations of this paragraph.

60. It is inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that he does not owe by threatening to report his non-payment to the credit bureaus.

**ANSWER:** Defendant denies the allegations of this paragraph.

61. Defendant had actual knowledge of Plaintiffs bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

**ANSWER:** Defendant denies the allegations of this paragraph.

62. Defendant intended that Plaintiff rely on its misrepresentations in its efforts to induce the Plaintiff into paying a debt that he no longer owed and a debt that cannot be legally enforced.

**ANSWER:** Defendant denies the allegations of this paragraph.

63. ICFA was designed to protect consumers, such as the Plaintiff, from the exact

behavior committed by Defendant.

**ANSWER:** Defendant denies the allegations of this paragraph.

64. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

**ANSWER:** Defendant admits that this paragraph is descriptive of portions of the ICFA. However, Defendant denies that it engaged in any unlawful conduct and denies Plaintiff is entitled to any relief.

65. As pled in paragraphs 35 to 39, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER:** Defendant denies the allegations of this paragraph.

66. As such, the Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:** Defendant denies the allegations of this paragraph.

### COUNT III- VIOLATIONS OF 11 U.S.C. § 524(A)(2)

67. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:** Defendant repeats and realleges its answers to paragraphs 1 through 66 as though fully set forth herein.

68. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

**ANSWER:** Defendant admits the allegations of this paragraph.

69. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

11

**ANSWER:** Defendant denies this is an accurate quotation of the cited case. Defendant denies that it is in contempt of the bankruptcy court that issued the order of discharge.

70. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. l996).

**ANSWER:** Defendant denies it acted with arrogant defiance or that punitive damages are appropriate in this case.

71. Defendant violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice of Plaintiffs bankruptcy and the discharged status of the subject debt.

**ANSWER:** Defendant denies the allegations of this paragraph.

72. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

**ANSWER:** Defendant denies that it did not implement procedures and train its employees to both discourage and prevent willful violations of the Bankruptcy Code.

73. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations of this paragraph.

74. Defendant's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

**ANSWER:** Defendant denies the allegations of this paragraph.

75. As pled in paragraphs 35 through 39, Plaintiff has suffered damages as a direct result of Defendant's civil contempt of the Order of Discharge.

**ANSWER:** Defendant denies the allegations of this paragraph.

76. Defendant regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

**ANSWER:** Defendant denies the allegations of this paragraph.

77. This pattern and practice of routinely violating the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

**ANSWER:** Defendant denies the allegations of this paragraph.

78. Plaintiff is entitled to punitive damages for Defendant's arrogant disregard of the Discharge Injunction.

**ANSWER:** Defendant denies the allegations of this paragraph.

79. The Court should award punitive damages to deter Defendant from future misconduct.

**ANSWER:** Defendant denies the allegations of this paragraph.

          Respectfully submitted,

          GREEN TREE SERVICING LLC

          By: */s/ John C. Crees*
                One of its Attorneys

Anna-Katrina S. Christakis (ARDC #6242675)
John C. Crees (ARDC #6299569)
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 445-0488
Fax (312) 939-0983

**CERTIFICATE OF SERVICE**

       John C. Crees, an attorney, certifies that on March 11, 2015, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:.

Nathan Charles Volheim  
Mohammed Omar Badwan  
Ahmad Tayseer Sulaiman  
Sulaiman Law Group  
900 Jorie Boulevard, Suite 150  
Oak Brook, IL 60523  
nvolheim@sulaimanlaw.com  
mbadwan@sulaimanlaw.com  
ahmad.sulaiman@sulaimanlaw.com  

                                                                               */s/ John C. Crees*